# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JUANDRECA L. POWELL,**

       **Plaintiff,**

**-vs-**                                                  **Case No. 6:09-cv-167-Orl-28KRS**

**DAVID A. SIEGAL,**

       **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**     **AFFIDAVIT OF INDIGENCY (Doc. No. 2)**
>
> **FILED:**       **January 27, 2009**

Plaintiff Juandreca L. Powell filed a complaint against David A. Siegal as the founder and president of West Gate Resort for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* Doc. No. 1. Powell also filed an affidavit of indigency, which the Court construes as an application to proceed without prepayment of fees under 28 U.S.C. § 1915. Doc. No. 2.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Powell's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring)("Section 1915(e)

applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

**I.    STANDARD OF REVIEW.**

The United States Court of Appeals for the Eleventh Circuit applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) to dismissals for failure to state a claim on which relief may be granted under § 1915(e)(2)(B). *Mitchell*, 112 F.3d at 1490. Under this standard, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (quoting Fed. R. Civ. P. (8)(a)).

In addition, it is well established that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, it is not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil Procedure. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[*P*]*ro se* litigant[s] must still meet minimal pleading standards.").

## II. ANALYSIS.

Powell sues Defendant Siegal as the president and founder of a company. However, there is no individual liability pursuant to Title VII. *See Albra v. Advan, Inc.,* 490 F.3d 826, 833 (11th Cir. 2007). Thus, a president of a company cannot be held liable for violating Title VII even under an alter ego theory. *Dearth v. Collins*, 441 F.3d 931, 933-34 (11th Cir. 2006). Powell's complaint, therefore, fails to state a claim upon which relief can be granted.

In addition to the above failure, there are other allegations contained in the complaint that raise concerns regarding the Court's jurisdiction. For example, Powell alleges that she filed a complaint of discrimination on August 6, 2008, after receiving a Notice of Right to File Discrimination Complaint. Doc. No. 1 at 4. As the instant complaint was filed on January 27, 2009, it appears that Powell may have litigated this matter previously. Also, the complaint contains allegations that Renae Baros also was injured and sustained those injuries in El Paso, Texas. Doc. No. 1 at 3. Baros is not a named plaintiff.

Finally, the allegations of the complaint fail to set forth sufficient facts demonstrating that Powell is entitled to relief for all of the alleged wrongs. As recently stated by the Eleventh Circuit,

> Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The point is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L.Ed.2d 80 (1957)). To that end, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 1965. Although a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002), it must provide "enough factual

> matter (taken as true) to suggest" intentional race discrimination. *See Twombly*, 127 S. Ct. at 1965.

*Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008).

**III.    RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that the complaint be **dismissed without prejudice** pursuant to 28 U.S.C. § 1915(e). I recommend that Powell be given leave to amend her complaint within eleven days after the Court's decision on this Report and Recommendation to name a proper defendant and to include sufficient factual allegations for the Court to make a proper analysis under § 1915(e). *Cf. Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that a civil detainee should have been given leave to amend after the *sua sponte* dismissal of his complaint under § 1915(e)(2)(B)). I further recommend that the application to proceed *in forma pauperis*, doc. no. 2, be **denied without prejudice** subject to refiling with the amended complaint. In any renewed motion to proceed *in forma pauperis*, Powell must provide all of the information requested in the Affidavit of Indigency.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on January 28, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties